# DRISCOLL *v.* THE STATE.

1. The evidence did not warrant a charge on the subject of voluntary manslaughter, and the court committed no error in failing to charge thereon.

2. The charges excepted to, and referred to in the second division of the opinion, did not embody any error requiring a new trial.

3. The evidence was sufficient to support the verdict.
                    MARCH 15, 1911.

Indictment for murder.    Before Judge Roan.    Fayette superior court.    December 17, 1910.

*A. O. Blalock* and *J.'F. Golightly,* for plaintiff in error.

·*H. A. Hall,* attorney-general, and *J. W. Wise,* solicitor-general, contra.

HOLDEN, J.    The accused, who was jointly indicted with others and tried separately, was convicted of murder; and to the order of the court overruling his motion for a new trial he excepted.

1.    The homicide with which the accused was charged occurred immediately after a baseball game had ended, and a number of persons were present.    There was evidence in behalf of the State that the accused shot and killed the deceased without any provocation whatever.    The defendant stated, and there was evidence in his behalf, that he did not shoot at all.    Several witnesses testified that others fired shots at or about the time the homicide occurred.    There was no evidence of any mutual combat between the defendant and the deceased, or that the deceased gave the accused any provocation to kill him.    The evidence did not disclose anything upon which the court would be authorized to charge upon the subject of voluntary manslaughter, and his failure to charge thereon was not error.

2.    One ground of the amendment to the motion for a new trial is that the court erred in charging the jury as follows:    "But, gentlemen, if he did not kill James Iverson, didn't fire the pistol at him, then you would not be authorized to find him guilty. Gentlemen, you have heard all the evidence on both sides; if you have a reasonable doubt of his firing a pistol at James Iverson or shot at and killed him, you should give him the benefit of the doubt and acquit him."    In another ground complaint is made that the court erred in charging the jury the following:    "If you have a reasonable doubt of his shooting him with a pistol, or that he killed him as charged here, or have a reasonable doubt of his guilt, then it would be your duty to find defendant, Driscoll, not guilty."    Complaint is made that the charges above quoted were erroneous in that they were likely to lead the jury to believe that they should convict the defendant if the defendant shot at the deceased, "whether he hit the deceased or not," and "though he was not the one who inflicted the mortal wound," and that "before they could acquit the defendant they must have a reasonable doubt

about his shooting" the deceased with a pistol. We do not think
the charges above quoted were liable to mislead the jury as con-
tended by counsel for the accused and set forth in the assignments
of error, especially in view of the instructions given by the court
in other portions of his charge. Immediately preceding the charge
first above quoted, the court instructed the jury as follows: "If
you believe from the evidence in the case, beyond a reasonable
doubt, that Fenton Driscoll with deliberate intention fired a pistol
at this man James Iverson, and at the time James Iverson was
making no effort to hurt him, or injure him, and at the time he
had no fears of a reasonable man that his life or limb was in
danger at the hands of James Iverson, that he was in no danger of
a serious personal injury, if under these circumstances he killed
him, if you believe that beyond a reasonable doubt, you would be
authorized to convict him of murder." Prior to this, the court
had instructed the jury as follows: "Now, it is necessary, gentle-
men, before you find a verdict of guilty against this man, to believe
from the evidence in this case, beyond a reasonable doubt, that he
killed James Iverson in this county, with a pistol, before the find-
ing of this bill of indictment, with malice aforethought, express or
implied." As the defendant contended in his statement, and in-
troduced testimony to show, that he did not shoot on the occasion
of the homicide, we think the only meaning of the charges except-
ed to was that the jury should not convict the accused if they had
a reasonable doubt as to whether the accused shot at all, or a rea-
sonable doubt as to whether he killed the deceased, if he did shoot;
and we do not think the jury could have reasonably placed any
other construction on the charges to which exception is made. In
view of the instructions given by the court, other than those to
which exception is taken, we are thoroughly convinced that the
jury was not led into the belief that under the charges excepted
to they would be authorized to find the defendant guilty "whether
he hit the deceased or not," and "though he was not the one who
inflicted the mortal wound," nor into the belief that "before they
could acquit the defendant they must have a reasonable doubt
about his shooting him [the deceased] with a pistol."

3. The rulings made in the foregoing divisions of the opinion
cover all of the grounds contained in the amendment to the motion
for a new trial. The only grounds in the original motion were

the general grounds that the verdict was contrary to law and evidence and without evidence to support it. The evidence was sufficient to warrant the jury in finding that the defendant shot and killed the deceased without any provocation, and that he was guilty of murder.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur*